ORjinal

# United States District Court
## Northern District of Illinois
### Eastern Division

FILED-ED4
02 NOV -7 AM 10: 27
U.S. DISTRICT COURT
CLERK

| | |
|---|---|
| JOHN F. TAMBURO<br>*Plaintiff*<br><br>VS.<br><br>EBAY, INC,<br>(A CORPORATION)<br>*ALIAS D/B/A "EBAY CLAIM ADMINISTRATION"*<br>THEODORE WILLS, A/K/A TED WILLS,<br>RAMON ELLER,<br>JOHN DOE, A/K/A "DUKE"<br>*Defendants* | **FIRST AMENDED<br>SWORN COMPLAINT**<br>Plaintiff demands trial by jury.<br><br># Case No.: 02 C 5292<br><br>Judge:<br>The Honorable Paul E. Plunkett<br><br>Magistrate Judge:<br>The Honorable Arlander Keys |

DOCKETED
NOV 0 8 2002

COMES NOW Before this honorable court JOHN F. TAMBURO, your Plaintiff, complaining *Pro Se* as follows against the defendants listed in the case above:

### THE PARTIES

1. Your Plaintiff, John F. Tamburo ("Plaintiff"), is a resident of Will County, Illinois. Since February of 1999, he has lived at 8400 Brookside Glen Drive, Tinley Park, Will County, Illinois, 60477.

2. Defendant eBay, Inc. ("eBay") is a corporation organized under the laws of Delaware, with its principal place of business located at 2145 Hamilton Ave., San Jose, CA 95125.

3. eBay is registered in Illinois, file number 6-087-6169, and maintains its Illinois registered office at National Registered Agents, Inc., 208 S. LaSalle Street, Suite 1855, Chicago, IL 60604.

4. At times relevant to the instant case, Plaintiff was contacted by email sent by eBay or "eBay Claim Administration" from the state of Utah, and demands have

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 1 OF 39



been made upon him to send money to "eBay Claim Administration" in Utah. See Exhibits H and I.

5.   At times relevant to the instant case, eBay has represented itself by the name "eBay Claim Administration."

6.   Plaintiff can find no record in California, Utah or Illinois of any corporation or assumed name registration for that name.

7.   Defendant Theodore Wills, a/k/a "Ted Wills" ("Wills") is, upon information and belief, a citizen of Pennsylvania, 514 California Ave. Pittsburgh, Pa. 15202-2453.

8.   Defendant Ramon Eller ("Eller") is, upon information and belief, a citizen of Pennsylvania, 332 Lincoln Ave. Pittsburgh, Pa. 15202-3720.

9.   Defendant John Doe, A/K/A "Duke" ("Duke"), is, upon information and belief an employee of eBay, or in the alternative, of an entity known as "eBay Claim Administration."

10.  Upon information and belief, Duke resides and works in the state of Utah, at an office maintained by eBay or "eBay Claim Administration" in that state that deals with claims of seller "fraud."

11.  Duke arbitrates claims made by eBay buyers that eBay sellers have "defrauded" them. Duke controls the process of arbitration, decides who gets to present what sort of evidence, and has absolute final authority without any means to appeal any of his orders or judgments.

12.  eBay refuses to disclose Duke's actual identity to Plaintiff; Plaintiff does not know if Duke is an attorney or a trained dispute resolution professional.

## JURISDICTION AND VENUE

13.  This is an action for damages in excess of the jurisdictional limits for diversity set forth in 28 USC § 1332, arising out of the past, ongoing and threatened future, unlawful and tortious acts of Defendants.

14. This court has jurisdiction over the subject matter of this complaint under diversity-of-citizenship jurisdiction pursuant to 28 USC § 1332(a)(1).

15. This court also has jurisdiction over the subject matter of this complaint under Federal Question jurisdiction, specifically The Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 USC § 1692k and the Racketeer-Influenced and Corrupt Organizations Act, 18 USC § 1965.

16. Venue lies in this district under 28 USC § 1391(a)(2) and (a)(3).

17. This action alleges RICO violations and therefore invokes the venue provisions of the RICO statute, 18 USC § 1965.

18. Venue lies in this district under 18 USC § 1965(a), because eBay has an agent in this district, and through its computers in this district, transacts at least part of its affairs herein, and furthermore, transacts regular business with numerous Illinois citizens, and therefore conducts at least a part of its affairs here.

19. Justice demands that this district hear the instant case, as provided in 18 USC § 1965(b). Plaintiff affirmatively states that he lacks the financial means to prosecute this case elsewhere, and that the use of any other venue would effectively deny him day in court.

20. Venue also lies in this district under 28 USC § 1391(b)(2) and (b)(3). In further support of this district as venue, Plaintiffs state the following:

    a- 735 ILCS 5/2-209(a)(2) and the law interpreting that statute holds that a tortious act that injures an Illinois citizen subjects a party to Illinois jurisdiction. All defendants stand accused of such tortious acts.

    b- Defendant eBay regularly conducts business within Illinois, and maintains a registered office and agent in this state. 735 ILCS 5/2-209(a)(1).

    c- Defendant eBay maintains computers that control and operate the www.ebay.com web site in the Northern District, specifically at Exodus Computing in Oak Brook, Illinois. See WHOIS listing, Exhibit N, and Exodus press release, Exhibit O. Upon information and belief, Plaintiff's interactions with the www.ebay.com web site occurred primarily or

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 3 OF 39

completely with the eBay computers situated in Illinois. 735 ILCS 5/2-209(a)(1).

d- Defendant has conducted business within this state by emailing into Plaintiff's Illinois residence for the purpose of collecting an alleged debt, and in those emails committing numerous tortious acts and violations of United States Law, as listed in this complaint.

e- Upon information and belief, where the actual knowledge thereof lies solely within the custody and control of Defendant eBay, it collects in the same unlawful manner from many Illinois residents and has therefore purposefully directed its tortious conduct at Illinois residents.

## BACKGROUND AND GENERAL ALLEGATIONS

21. Defendant eBay is an internet-based common carrier of property auction listings. It charges persons to list their items for sale, and enables persons to make bids on the items. If or when the items are sold to a high bidder, eBay additionally collects a commission from the seller.

22. Defendant eBay has millions of users and millions of auctions active on its site at any time. eBay operates from the internet site "www.ebay.com."

23. Plaintiff was, from March 5, 1999 through 4:50PM on May 9, 2002, a frequent user of eBay, both buying and selling his personal items on that common carrier. Plaintiff has sold in excess of nine thousand dollars worth of items, and bought items worth far more.

24. Plaintiff has participated in hundreds of eBay auctions.

25. On or about November 24, 2001, Plaintiff sold Wills, through the eBay site, his personal VPI HW-19 Mk. 3 turntable with a tone arm, cartridge and accessories (the "merchandise").

26. The winning bid was made by Defendant Wills in the amount of $1000.00. Including shipping, the total price for the merchandise was $1,051.00.

27. Eller, acting, upon information and belief, on behalf of and under the instruction of Wills, sent Plaintiff these funds via the "PayPal" money transfer network

("Paypal"). These funds were sent to Plaintiff on or about November 24, 2001, and cleared within four or five business days thereafter.

28. On or about December 26, 2001, Plaintiff shipped the merchandise, *in its entirety*, to Eller, at the address of 514 California Ave., Pittsburgh, PA 15202-2453.

29. Upon arrival of the merchandise, Wills contacted Plaintiff and claimed that: 1) the turntable's dust cover was broken; 2) the cartridge was damaged and its stylus was missing and 3) the moving coil transformer, alleged by Wills to be an integral part of the merchandise, was missing.

30. Based on Wills' assertion, notwithstanding his strong memory of having packed the transformer into the box with the rest of the merchandise, Plaintiff thoroughly searched his entire house. The transformer was not located, and Plaintiff is certain it was shipped with the merchandise.

31. Wills proceeded to threaten Plaintiff with law enforcement action unless Plaintiff paid him $500 in cash or shipped another transformer to him.

32. Additionally, Wills filed complaints with Paypal, and eBay, both alleging that Plaintiff defrauded him.

33. PayPal, after thoroughly investigating Wills' claims, found them to be *baseless* and refused to refund any money to Wills, and instead released those funds to Plaintiff.

34. On or about January 7, 2001, Eller filed a claim with the United States Postal Service, seeking $700 for damage to the goods. The claim bears the number 014281870. See Exhibit P.

35. Eller, in the aforementioned complaint, mentions damage, but significantly, does NOT mention anything about missing contents. See Exhibit P, Page 2, item 8 check boxes.

36. Subsequently, Wills, on or about February 3, 2002, filed a "negative feedback" on eBay. A negative feedback is a derogatory public comment about an eBay member, placed prominently on the site. The comment made by Wills stated:

Case: 1:02-cv-05292 Document #: 15 Filed: 11/07/02 Page 6 of 41 PageID #:176

"fraudulently didn't include expensive item that was specifically listed in auction." [sic] See Exhibit M.

37. The statement in the negative feedback filed against Plaintiff by Wills is *absolutely and completely false in every respect.*

38. Plaintiff shipped the transformer that was mentioned in the auction, in the same box with the other merchandise.

39. Although upset by the defamatory nature of the negative feedback, and angered over Wills' false accusations of criminal conduct, Plaintiff tried to resolve the matter and obtain a fair and just solution for all parties. Plaintiff contacted SquareTrade ("SquareTrade"), an online mediation service that exists specifically to resolve problems between people who engage in commerce over the Internet.

40. SquareTrade is engaged primarily in the settlement of disputes over eBay auctions.

41. eBay prominently recommends to its members that they utilize SquareTrade to resolve disputes.

42. Plaintiff's trading record on eBay was of superior quality, and met the tough expectations of SquareTrade, who certified him as a trustworthy seller, *after Wills made his false complaint.* See Exhibit J.

43. When dealing through SquareTrade, Mr. Wills was combative and threatening, and noted that he had previously harassed a Pennsylvania attorney, Mr. Thomas A. Crawford, Esq. See Exhibit A, transcript of SquareTrade interchange.

44. Wills further demanded that Plaintiff sign off on a postal insurance claim (see Exhibit P, claim form), and further demanded the transformer Plaintiff already sent, and continued to falsely assert that he never received the transformer.

45. Notwithstanding Wills' lies and attitude, in an effort to try to get a fair and equitable resolution, Plaintiff brought in a SquareTrade mediator, at his sole expense.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 6 OF 39

46. Plaintiff explicitly agreed to the terms set out by the mediator, which included softening his demand for the immediate removal of the false Negative Feedback. See Exhibit A.

47. Nonetheless, Wills refused to deal through the mediator, and completely ignored the mediator's repeated requests. Therefore the SquareTrade negotiation was closed by the mediator, because Wills refused to participate. Exhibit A.

48. Wills filed a "Fraud Insurance Claim" with eBay, who assigned the number 15810 to the claim. In this claim, upon information and belief, Wills asserted that Plaintiff never sent the transformer to him, and further asserted that this transformer was valued at $500.00.

49. Duke, apparently on behalf of eBay, contacted Plaintiff by email on April 24, 2002, at 11:31PM. See Exhibit B.

50. In the Exhibit B email, Duke gave Plaintiff 14 days to respond to the claim.

51. On April 25, 2002, at 8:33AM, *less than one day* after notification, Plaintiff responded to the claim, disputing the facts of the claim. See Exhibit C.

52. On April 25, 2002, at 4:55PM, Duke contacted Plaintiff again, and asked for copies of the SquareTrade log. Notably, Duke placed no deadline or time limit on the response he expected. See Exhibit D.

53. Plaintiff complied quickly. On April 26, 2002, Plaintiff FAXed these documents to 801-545-2665, as Duke requested.

54. Plaintiff heard nothing until May 9, 2002 at 4:50PM, when he received the emails in Exhibits E, F and G. These emails do all of the following:

    a) Find Plaintiff in "default" of the unpublished and undisclosed rules of procedure eBay was using to arbitrate Wills' phony fraud claim;

    *b)* Deny that eBay received the documentation Plaintiff sent on April 26 and inform him that the claim was paid out against him;

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 7 OF 39

    *c)*   Indefinitely suspend Plaintiff's eBay account and prohibit him from "using [eBay's] site in any way;" and

    *d)*   Indefinitely suspend the account of Plaintiff's wife, Gayle M. Tamburo, for no other reason, upon information and belief, than she is married to Plaintiff.

55.   Gayle Tamburo has in no way been implicated in anything to do with the claim against Plaintiff or with the transaction with Wills and Eller, and had nothing whatsoever to do with this transaction.

56.   Plaintiff attempted to contact eBay by email and phone, and re-FAXed the documentation to eBay at the telephone number they had previously provided, 801-545-2665.

57.   On May 9, 2002 at 5:54PM, Duke responded via email, and stated that Plaintiff would have to pay eBay $175.00 and Wills $325.00 in order to be reinstated to eBay. See Exhibit H. Duke labeled the money he demanded as "restitution."

58.   Plaintiff protested that the documentation was not reviewed, and at 6:31PM on May 9, 2002 Duke responded that he had not received the documentation until May 9. He further stated that, because Plaintiff had stated in one place in the SquareTrade log that he would not co-operate in a postal insurance claim unless Wills agreed to remove the Negative Feedback, all of his claims were rejected and he had to pay both eBay and Wills what Duke demanded in order to be able to buy or sell anything via eBay, or for that matter to even access its service in any way whatsoever, or to have the derogatory notations on his profile removed from eBay.

59.   The same punishment doled out by eBay to Plaintiff was also applied to Plaintiff's wife, although she had no part in the transactions that allegedly required "restitution," or any complaint whatsoever about her conduct on eBay.

60.   Duke also stated that he would no longer respond to any message Plaintiff sent to him, unless it contained "additional evidence." See Exhibit I.

61.   As can be seen on Exhibit A, Plaintiff specifically agreed that he would co-operate with the mediator, and one of the conditions precedent to which Plaintiff agreed was that the Negative Feedback could only be removed if and when all other pending issues were settled between the parties.

62.   Plaintiff informed Duke of this fact, see Exhibit K.  Duke, however, refuses to respond, to this day.

63.   Plaintiff sent an additional message asking specifically for what proofs he would need to provide to try to show that Wills was indeed in receipt of the transformer, but received nothing in reply to this day.

64.   Plaintiff asked Duke to identify himself by name, and Duke has not responded to this day.  Moreover, Plaintiff contacted Duke's supervisor by telephone and has received no response to this day.

65.   On May 13, 2002, in a *final* attempt to resolve this matter, Plaintiff sent the FAX attached as Exhibit Q.  That FAX encloses the postal report in Exhibit P, and makes one last plea to Duke to resolve this matter in an honest and amicable fashion.  The FAX asked for a response by noon CDT on May 14, 2002.

66.   Plaintiff has to this date received no response whatsoever from Duke or any other employee or other person affiliated with eBay or "eBay Claim Administration."

## COUNT ONE – LIBEL PER SE (1)

67.   Wills, notwithstanding his knowledge that the Negative Feedback was false, published it on eBay, where millions of people engage in auction sales and purchases.

68.   Wills made this publication knowing its falsehood, and did it with the specific intent to harm Plaintiff, or alternatively, to coerce Plaintiff to pay money to him.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 9 OF 39

69.   The Negative Feedback falsely imputes the commission of a crime, and falsely imputes that Plaintiff is of questionable character. Wills intended by his remarks to falsely impute these things to Plaintiff.

70.   This publication harmed Plaintiff, and was a proximate cause of Plaintiff's indefinite suspension from eBay and their demand for a payoff to reinstate him.

71.   These events constitute a libel per se by Wills against Plaintiff.

72.   Wherefore Plaintiff has been damaged in an amount greater than $75,000.

73.   Furthermore, this disparagement is willful and wanton and warrants the imposition of punitive damages.

74.   Plaintiff prays judgment as listed above in his favor and against Wills.

## COUNT TWO – LIBEL PER SE (2)

75.   Wills, knowing the claim was false, filed "fraud" claim number 15810 with eBay, and alleged that he failed to receive a part worth $500, even though he did receive it.

76.   Wills did this with the intent to damage Plaintiff.

77.   The transformer is not worth $500, and Wills was aware of this when he stated this value to eBay and Paypal. He overstated the value in an attempt to gain illicit money from his phony fraud claim.

78.   Wills received the transformer and every other thing listed in the Auction.

79.   Wills benefited in the amount of $175.00, paid out, upon information and belief, by eBay to him as a result of his phony claim.

80.   Wills further benefited by causing Plaintiff to lose his eBay account, in fruition of his "tenacious and motivated" (see Exhibit A) revenge plan, set by him into motion against Plaintiff.

81.   These events constitute a libel per se by Wills against Plaintiff.

82.   Wherefore, Plaintiff has been damaged in an amount in excess of $75,000.00.

83. Furthermore, this tort is willful and wanton and warrants the imposition of punitive damages.

84. Plaintiff prays judgment as listed above in his favor and against Wills.


## COUNT THREE – TORTIOUS INTERFERENCE WITH BUSINESS (1)

85. Wills, with intent of infringing on Plaintiff's right to conduct business on eBay, and for vengeful purposes, filed both the Negative Feedback and the Fraud Claim #15810, knowing them both to be baseless and false.

86. Plaintiff had an expectancy to do business with eBay customers, and had done so with an excellent record. See SquareTrade certification, Exhibit J.

87. Wills interfered with this expectancy by knowingly filing a false and baseless Negative Feedback and a false and baseless fraud claim.

88. Plaintiff has been damaged thereby, and is entitled to damages in excess of $75,000.

89. Furthermore, this tort is willful and wanton and warrants the imposition of punitive damages.

90. Plaintiff prays judgment as listed above in his favor and against Wills.

91. Plaintiff further prays for an order commanding eBay to permanently remove the negative feedback.

92. Plaintiff prays, for the protection of the rest of the users of eBay, that this court command eBay to permanently ban Wills from its service, and command Wills never to participate in any Internet auction, either as seller or buyer, without the express advance written consent of this court.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 11 OF 39

## COUNT FOUR – NEGLIGENCE (1)

93.   eBay acted arbitrarily, capriciously and against the manifest weight of the evidence in banning both Plaintiff and his wife from eBay. There was no proof whatsoever that Plaintiff defrauded Wills, and in point of fact, the actions of Wills in refusing mediation, and in filing claims in excess of the value of the merchandise, bolster the fact that Plaintiff was indeed the *victim* of fraud in this matter.

94.   Contrary to the outright intentional lie in the email in Exhibit H, Plaintiff had not "defaulted" anything, and had promptly responded to all requests made by the arbitrator, Duke.

95.   eBay, in administering these "fraud insurance" claims, owes a duty to Plaintiff to objectively review the evidence and apply a reasonable standard. EBay refused to do this, upheld a claim it knew or should have known was phony, and thereby damaged Plaintiff.

96.   Plaintiff is damaged in an amount in excess of $75,000 and is therefore entitled to judgment in his favor and against eBay and Duke, jointly and severally in that amount.

97.   Furthermore, this tort is willful and wanton and warrants the imposition of punitive damages.

## COUNT FIVE – LIBEL PER SE (3)

98.   eBay knew or should have known that the claim interposed against him by Wills is totally and completely false.

99.   Notwithstanding, eBay banned both Plaintiff and his wife from the service. Notably, Plaintiff's wife had nothing to do with any transaction Plaintiff conducted on eBay.

100.   Furthermore, eBay has, with the sole intent to convert funds from, harm and humiliate Plaintiff, publicly humiliated Plaintiff by stating he is "bad person" –

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 12 OF 39

noting his user ID and record, and all historical auctions in which he has participated, with a notation "not a registered user." See Exhibit L, an example of this "scarlet letter" notation.

101.   eBay goes on to explain on its web site that this designation means that the user is suspended from eBay for fraud and/or other misconduct.

102.   This designation falsely imputes that Plaintiff lacks integrity.

103.   This designation furthermore falsely imputes the commission of a crime.

104.   eBay knew that this notation would damage Plaintiff, and intended to do just that. That way, even if Plaintiff were to prevail in an action to restore his right to use eBay, he would still be permanently damaged.

105.   eBay's sole intention in this matter is to convert funds from, humiliate, punish, damage and harm Plaintiff, and there is absolutely no good motive or justifiable end in doing so.

106.   These actions constitute a libel per se against Plaintiff.

107.   Wherefore Plaintiff has been damaged in an amount in excess of $75,000 and is entitled to judgment in his favor and against eBay in that amount.

108.   Furthermore, in order to protect other victims and potential victims from this sort of terrorism, Plaintiff prays an order permanently barring eBay from attaching, or allowing to be attached, any sort of mark, statement or symbol to any eBay user profile that could in any way cause any user's reputation within the eBay community to be tarnished or harmed.


## COUNT SIX – EXTORTION / INTIMIDATION (1)

109.   eBay has refused to reinstate Plaintiff's registration unless he pays eBay $175 and Wills $325, in "restitution" of Wills' phony fraud claim. See Exhibits H and I.

110.   eBay knows or should know that Wills' claim is baseless and phony.

111.   eBay holds Plaintiff's right to conduct business through its common-carrier service ransom for payment of this unjust sum to eBay.

112. eBay as shown in Exhibit L, has notated Plaintiff with a "Scarlet Letter," intending to humiliate and disgrace him, and has explicitly stated that the only way to remove this is to pay eBay $175 and Wills $325.

113. eBay is without lawful authority to demand this sum from Plaintiff. Its "kangaroo court" law-flouting illegal arbitration procedure is designed to extort additional funds from unsuspecting innocents, to illicitly swell eBay's coffers.

114. eBay has therefore committed extortion under the common law and under 720 ILCS 5/12-6 and is therefore liable to Plaintiff for damages.

115. Plaintiff prays for damages in excess of $75,000, plus punitive damages in an amount exceeding $250,000.

116. Plaintiff further prays for an order, permanently and *pendente lite,* barring eBay from suspending, terminating, blacklisting or otherwise tarnishing the registration or publicly-viewable information of any person using eBay without first obtaining and verifying clear and convincing evidence of fraud, said evidence being obtained lawfully under rules of evidence substantially identical to the Federal Rules of Evidence, and with procedural safeguards identical to or substantially identical to the Federal Rules of Civil Procedure, and with a right to appeal adverse decisions to a court of law before they can become effective.

## COUNT SEVEN – FDCPA (1)

117. eBay is a debt collector as defined in the Fair Debt Collection Practices Act, 15 USC § 1692a(6), inasmuch as it is trying to force Plaintiff into paying money it contends is owed to Wills.

118. eBay is further a debt collector because it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC § 1692a(6).

119. The alleged debt in the case, arising from Plaintiff's sale to Wills of his personal audio turntable, is a debt under FDCPA because it is an "obligation or alleged

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 14 OF 39

obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 USC § 1692a(5).

120. The "Scarlet Letter" notation placed on Plaintiff's account by eBay (see Exhibit L) is a violation of the "shame list" prohibition of 15 USC § 1692d(3).

121. Wherefore, as provided for in 15 USC § 1692k, Plaintiff is entitled to actual damages estimated at $75,000, plus $1000 as provided in 15 USC 1692k(2)(A).

## COUNT EIGHT - FDCPA (2)

122. eBay is a debt collector as defined in the Fair Debt Collection Practices Act, 15 USC § 1692a(6), inasmuch as it is trying to force Plaintiff into paying money it contends is owed to Wills.

123. eBay is further a debt collector because it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC § 1692a(6).

124. The alleged debt in the case, arising from Plaintiff's sale to Wills of his personal audio turntable, is a debt under FDCPA because it is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 USC § 1692a(5).

125. Exhibits H and I are the only demands sent by eBay or to collect alleged debts due "eBay Claim Administration" and Wills.

126. eBay has completely ignored the requirements for a notice of debt as set forth in 15 USC § 1692g(a).

127. Wherefore, as provided for in 15 USC § 1692k, Plaintiff is entitled to actual damages estimated at $75,000, plus $1000 as provided in 15 USC 1692k(2)(A).

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 15 OF 39

## COUNT NINE – FDCPA (3)

128. eBay is a debt collector as defined in the Fair Debt Collection Practices Act, 15 USC § 1692a(6), inasmuch as it is trying to force Plaintiff into paying money it contends is owed to Wills.

129. eBay is further a debt collector because it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC § 1692a(6).

130. Alternatively, eBay is using the name "eBay Claim Administration" as a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." It is therefore a debt collector under 15 USC § 1692a.

131. The alleged debt in the case, arising from Plaintiff's sale to Wills of his personal audio turntable, is a debt under FDCPA because it is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 USC § 1692a(5).

132. eBay has violated 15 USC § 1692e(11) by failing to disclose that the communication in Exhibits H and I was from a debt collector.

133. eBay has completely ignored the requirements for a notice of debt as set forth in 15 USC § 1692g(a).

134. Wherefore, as provided for in 15 USC § 1692k, Plaintiff is entitled to actual damages estimated at $75,000, plus $1000 as provided in 15 USC 1692k(2)(A).

## COUNT TEN – EXTORTION / INTIMIDATION (2)

135. Upon information and belief, Duke, working in concert with Wills, fully cognizant of the fact that Wills had filed a phony fraud claim, and upon information and belief, in concert with Wills, granted the claim where absolutely

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 16 OF 39

no real evidence whatsoever existed that Plaintiff had failed to meet his obligations to Wills.

136. As evidence of Duke's fraudulent intent, Plaintiff cites Exhibits D and E. Duke fabricated the deadline for "default" and gave Plaintiff no notification of such a default procedure.

137. Duke intentionally did this to "grease the skids" for the frauds of his partner, Wills.

138. Furthermore, eBay's official policies on its web site clearly state: *"eBay Fraud Protection does not apply if the shipping company has lost the package or if the item has been damaged in transit. If your package was lost or damaged in transit, please contact the shipping company for its reimbursement policy."* See Exhibit R, Page 2.

139. Duke knew this policy, inasmuch as he cited the URL to the official policy in the text of Exhibit E.

140. Duke, acting, upon information and belief, with eBay's blessing and/or instructions, ignored and intentionally violated eBay's policy in order to extort money from Plaintiff.

141. Duke threatened Plaintiff with, *inter alia*, continued humiliation with the "Scarlet Letter" notation (see eBay listing, Exhibit L) unless he paid the demanded money to eBay and Wills.

142. Wherefore, Duke, Eller and eBay, jointly and severally, have committed extortion at the common law and in violation of 720 ILCS 5/12-6, and have damaged Plaintiff thereby.

143. Plaintiff is damaged in an amount to be shown at trial and prays judgment in that amount, plus punitive damages of at least $250,000.00.

144. Upon information and belief, eBay knew that Wills' complaint was phony, yet sanctioned and encouraged Duke to extort from Plaintiff, and use eBay services and facilities to do so, in order to realize illicit gain, along with Duke, from the

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 17 OF 39

transaction. eBay therefore must be held jointly and severally liable for any judgment entered against Duke.

145. Alternatively, eBay exercised slothful, corrupt and incompetent supervision over Duke, and by its sloth, corruption and incompetent management, created an environment where Duke could easily perpetrate and continue such crimes with license and impunity, and therefore, must be held jointly and severally liable for any judgment entered against Duke.

## COUNT ELEVEN - FRAUD (1)

146. Upon information and belief, it was Wills' plan from the moment he lodged his first bid to convert the merchandise for his own use and to pay nothing for the merchandise.

147. Upon information and belief, Eller, acting under the instructions of, in concert with, and for the benefit of Wills, made the Paypal payment to Plaintiff in order to set up a phony fraud claim.

148. The mechanism they intended to use was simple. Paypal usually refuses to protect sellers against buyer fraud unless they ship to the buyer's confirmed shipping address. By having Eller pay for the merchandise, Wills planned to claim that he received it at an unconfirmed address, and demand a refund after receipt of the merchandise. Upon information and belief, this was their initial fraud scheme.

149. However, when Paypal properly refused to refund the money, Wills and Eller figured out another fraud: they concocted the "missing transformer" and "broken stylus" stories in order to justify eBay paying out on a phony insurance claim of $500, and force Plaintiff to pay the rest.

150. Wills and Eller also filed a $700 shipment-damage claim with the United States Postal Service. See Exhibit P.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 18 OF 39

151. The total of these two claims exceeds the purchase price of the merchandise by $200.00, and represents a fraud, an attempt to collect "compensation" totalling more than the entire value of the merchandise, while still retaining the merchandise itself.

152. Wills and Eller, acting in concert, defrauded Plaintiff by falsely representing their intention to honorably complete the transaction. Their actions subsequent to the shipment of the merchandise show that the two of them concocted a scheme to defraud Plaintiff, and then added eBay, and the United States Postal Service to their victims' list when Paypal recognized their scam and refused to give them the money they demanded.

153. Plaintiff rightfully relied on their representations and shipped the merchandise.

154. Plaintiff was irreparably harmed by Wills' and Eller's phony fraud and insurance claims, as well as their libelous negative feedback.

155. The harm suffered by Plaintiff includes, *inter alia*, the "scarlet letter" notation, and the infringement of his right to buy and sell through eBay, where in the next year he was likely to sell at least $10,000 in his personal merchandise.

156. Wills and Eller's conduct rises to the level of fraud.

157. Wherefore, Plaintiff is entitled to judgment in his favor, and against Wills and Eller, jointly and severally, in an amount to be determined at trial, plus punitive damages of at least $250,000.00.

158. Moreover, since Wills and Eller are defrauding the United States Postal Service, Plaintiff respectfully prays that this court order this case referred to the United States Postal Inspector for investigation and possible charges of Mail Fraud against Wills and Eller.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 19 OF 39

## COUNT TWELVE – FED. ARBITRATION ACT

159. Plaintiff has no agreement, written or verbal, with either eBay or "eBay Claim Administration" that would allow eBay to arbitrate any dispute between Wills and himself.

160. In Exhibit "S," an eBay email which is the initial notification to Plaintiff of Wills' "fraud reporting form complaint," eBay, knowing of its different role, and with the intent to lull unsuspecting users into its fraudulent trap, disclaims such a role with these words: *"Please note: eBay does not endorse the claims of either party set forth in this complaint. We are merely trying to facilitate a satisfactory resolution between you and [Wills] by acting as a reporting and information service."* [emphasis not in original; used only to delineate the quote].

161. Plaintiff has no agreement, written or verbal, with either eBay or "eBay Claim Administration" that would allow eBay to award *itself* any money in any dispute between Plaintiff and eBay, Wills or any other party.

162. The text of Exhibit S was designed to make Plaintiff think that this procedure was not an arbitration.

163. eBay has acted as a binding arbitrator of "Fraud Claim" 15810, notwithstanding having never obtained Plaintiff's permission to act in this capacity, nor representing anywhere on its site that it is acting as an arbitration service.

164. However, eBay does say in Exhibit R that it enters "judgement[s]" against sellers. Notably there is no default provision, rule of procedure or any rational framework for arbitrating these claims, either in Exhibit R or anywhere else on eBay.

165. eBay makes up the rules as it goes along, and as shown in exhibits E-H, changes them on a whim to suit its fancy and stuff its coffers, and runs the "fraud claim" procedure as a con game, in cahoots with dishonest complainants.

166. Plaintiff was not notified that the "eBay Claim Administration" process was an arbitration, but eBay conducted its so-called "fraud investigation" as an

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 20 OF 39

arbitration at all times, commanding the production of evidence, punishing actual and/or imagined non-compliance with the arbitrator's orders, making a finding of "fraud" on a "default" basis, and punishing the "default" with "disciplinary action." See Exhibit E.

167. eBay and/or "eBay Claim Administration" has awarded *itself* damages from Plaintiff.

168. Plaintiff has been *punished* by "eBay Claim Administration" for allegedly failing to follow its commands, even though he was never given any rules by which he ought to have abided. Such punishment includes public humiliation with the "Scarlet Letter" notation, retention of the false Negative Feedback, and locking Plaintiff out of eBay.

169. The procedure was tainted because Plaintiff was denied the opportunity under 9 USC § 5 to have a say in naming the arbitrator.

170. The procedure was tainted because Plaintiff was denied the opportunity under 9 USC § 7 to call witnesses on his behalf.

171. The procedure was tainted because eBay awarded damages to itself and/or an affiliated entity known as "eBay Claim Administration", an undeniable sign of partiality in violation of 9 USC § 10(a)(2).

172. The procedure was tainted because the arbitrator, Duke, in Exhibit I refused to respond to Plaintiff's further correspondence, including but not limited to a demand to know what evidence would satiate their extortive demands, and refused to respond to the evidence in exhibit Q, which by the explicit language of eBay's own web site, is fatal to Wills' phony claim. This conduct flouts 9 USC § 10(a)(3).

173. The procedure was tainted because fraudulent evidence was presented by Wills to the arbitrator Duke, who knew the evidence was false, making the award unjust under 9 USC § 10(a)(1).

First Amended Sworn Complaint
John F. Tamburo v. eBay, Inc., et. al.

Page 21 of 39

174. The procedure was so horribly tainted by the numerous violations hereinabove described that the only remedy is for this court to strike the arbitration award and command eBay to reinstate Plaintiff and remove the Negative feedback and "Scarlet Letter" notation from his eBay records.

175. It is impossible under the above circumstances for eBay to arbitrate the dispute between Wills and Plaintiff, inasmuch as they have a pecuniary interest in the outcome, outright bias, and probable corrupt influence of the arbitrator.

176. It is unlawful for eBay to arbitrate these "fraud insurance claims," since eBay is a potential recipient of at least part of the award. EBay is not a neutral arbitrator, and as seen in the instant case, will gleefully use its position to stuff its coffers.

177. Other eBay users are subjected to the same sort of self-serving terrorism and extortion, in the name of "fraud prevention." Only this honorable court can protect these hapless innocents from this evil conduct.

178. Wherefore Plaintiff prays that this court issue an order that bans, both permanently and *pendente lite*, the following conduct by eBay:

   a. Restricting Plaintiff's right to unfettered use of Ebay facilities, except upon the express advance written consent of this court, only for good cause shown by clear and convincing evidence;

   b. Placing any negative notation on Plaintiff's eBay record about the transaction which forms the basis of this case;

   c. Placing any negative notation whatsoever on Plaintiff's eBay record without the express advance written consent of this court, after a hearing is held where both parties may have the opportunity to call witnesses and present evidence, and upon the standard of Clear and Convincing evidence;

   d. Conducting any sort of arbitration proceeding, whether or not is so labeled or designated, regarding "seller fraud" or any other proceeding where eBay, a division or subsidiary thereof, or any party economically or

influentially affiliated with eBay or any of its employees, officers, directors or stockholders decides a dispute between two members;

e. Suspending or barring any eBay members as a result of a dispute between two eBay members, unless an independent third-party arbitrator (with the express advance signed written agreement of the parties and in a procedure *fully compliant* with Title 9 of the US Code) or a court of law so orders.

179. Plaintiff has been damaged by eBay's intentional, arbitrary and capricious conduct, which flouts all bounds of decency and fairness. Wherefore he prays for damages as may be shown at trial.

180. eBay has set itself up as judge, jury and executioner over all disputed transactions on its common-carrier site, and it gleefully and capriciously awards and punishments, making up the "rules" as it goes along. Moreover, eBay, knowingly and with intent to defraud, misleads those in this process into believing that it is not an arbitration at all (see Exhibit R). This is outrageous conduct in a society that is supposed to be civilized. It is corrupt, unjust and unconscionable. Moreover, it viciously punishes those who do not kow-tow to eBay's evil edicts by using disparagement, restraint of trade and any other weapon it sees fit, with sneering contempt for the law, decency, honesty, fair play or any semblance of morality. In the instant case, eBay also viciously punished and disparaged Plaintiff's *wife*, who was not a party to any part of the events herein except as eBay's *victim*. Such disgusting and amoral conduct cries out for punitive damages in an amount sufficient to *severely* punish eBay, and also to completely deter eBay and others from such evil conduct in the future. Plaintiff respectfully prays three hundred million dollars ($300,000,000.00).

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 23 OF 39

## COUNT THIRTEEN – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

181.   eBay owed Plaintiff a duty, imposed by the FDCPA and Title 9 of the US Code, to refrain from violating the acts with respect to their attempts to adjudicate the dispute between Plaintiff and Wills, and to collect the debt allegedly owed eBay, "eBay Claim Administration", and/or Wills.

182.   Defendants, by their numerous offenses violating the provisions of FDCPA and Title 9 of the United States Code, breached that duty.

183.   Plaintiff has, as eBay maliciously intended, been damaged.

184.   eBay has, at all times relevant hereto, acted with pure bad faith, actual malice and an intent to damage, persecute and terrorize Plaintiff.

185.   In particular, Plaintiff suffers emotional distress, sleeplessness and general worry about his reputation and the damage threatened and done by the Defendants.

186.   Wherefore, Plaintiff is entitled to damages as proven at trial in the minimum amount of $1,000,000, and furthermore to punitive damages as awarded by the finder of fact at trial.

## COUNT FOURTEEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

187.   Wills and Eller, with no regard whatsoever for honesty, fairness or truth, have falsely accused Plaintiff of a crime, and gone on a rampage of disparagement, all in an effort to obtain Plaintiff's expensive merchandise for nothing.

188.   When confronted with his lies in the SquareTrade negotiation (See Exhibit A), Wills brazenly and even proudly points out how he previously harassed a Pennsylvania attorney, in an effort to force Plaintiff to capitulate and aid his phony claim with the US Postal Service.

189.   This conduct is wholly outrageous and offensive to any decent person.

190.   Plaintiff has, as Wills and Eller intended, been damaged.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 24 OF 39

191. In particular, Plaintiff suffers emotional distress, sleeplessness, and general worry about his reputation and the damage threatened and done by the Defendants.

192. Wherefore, Plaintiff is entitled to damages as proven at trial in the minimum amount of $1,000,000, and furthermore to punitive damages as awarded by the finder of fact at trial.

## COUNT FIFTEEN – COLLECTION AGENCY ACT VIOLATION

193. Illinois and California law both require debt collection agencies to be licensed.

194. eBay holds no such license as of October 21, 2002, and upon information and belief, never has.

195. Notwithstanding, eBay has engaged, upon information and belief, in over 15,810 acts of collecting "debt" for eBay auction buyers.

196. eBay also flouts all of the requirements of the FDCPA while doing so.

197. Wherefore, Plaintiff and others have been damaged, and Plaintiff prays monetary damages as may be determined at trial.

198. Moreover, Plaintiff prays that this court command eBay to stop collecting on the debts of others unless it both licenses itself as required by the state(s) in which it operates, and agrees to fully follow absolutely every provision of FDCPA.

## COUNT SIXTEEN – ILLINOIS UNIFORM ARBITRATION ACT (1)

199. eBay's "fraud claim" process in claim 15810, and upon information and belief, all other "Fraud claim" procedures is an arbitration, inasmuch as eBay appoints an arbitrator (although deceptively labeled a claims administrator), who issues, as eBay calls it, a "judgement" [sic] (see Exhibit R) after hearing evidence from both parties.

200. Therefore, eBay's process against Plaintiff, an Illinois citizen, is subject to the Illinois Uniform Arbitration Act, 710 ILCS 5/1 et. seq.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 25 OF 39

201. This count is a proceeding to both stay and strike the arbitration, pursuant to 710 ILCS 5/2(b).

202. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/3 for failure to allow the mutual appointment of a *neutral* arbitrator.

## COUNT SEVENTEEN – ILLINOIS UNIFORM ARBITRATION ACT (2)

203. Plaintiff realleges the first two paragraphs of Count Sixteen.

204. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/5(a) for failing to notify Plaintiff of a hearing.

## COUNT EIGHTEEN – ILLINOIS UNIFORM ARBITRATION ACT (3)

205. Plaintiff realleges the first two paragraphs of Count Sixteen.

206. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/5(b) for refusing to let Plaintiff be heard, and for refusing to let Plaintiff review the evidence, and for refusing to let Plaintiff cross examine Wills' witnesses (if any) or call any of his own. See Exhibit L, Exhibit Q.

## COUNT NINETEEN – ILLINOIS UNIFORM ARBITRATION ACT (4)

207. Plaintiff realleges the first two paragraphs of Count Sixteen.

208. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/6 for failing to let Plaintiff bring an attorney into the proceeding.

## COUNT TWENTY – ILLINOIS UNIFORM ARBITRATION ACT (5)

209. Plaintiff realleges the first two paragraphs of Count Sixteen.

210. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/8 for failing to deliver a signed copy of the award to Plaintiff. The email is not signed.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 26 OF 39

### COUNT TWENTY-ONE – ILLINOIS UNIFORM ARBITRATION ACT (6)

211. Plaintiff realleges the first two paragraphs of Count Sixteen.

212. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/12(a)(1) procurement of an award by fraud.

### COUNT TWENTY-TWO – ILLINOIS UNIFORM ARBITRATION ACT (7)

213. Plaintiff realleges the first two paragraphs of Count Sixteen.

214. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/12(a)(2) for evident partiality on the part of the arbitrator.

### COUNT TWENTY-THREE – ILLINOIS UNIFORM ARBITRATION ACT (8)

215. Plaintiff realleges the first two paragraphs of Count Sixteen.

216. Plaintiff prays that this court strike the arbitration under 710 ILCS 5/12(a)(4) for refusing to hear material and relevant evidence. See Exhibit Q.

### COUNT TWENTY-FOUR – RICO (1)

217. eBay is an enterprise engaged in, and whose activities affect, interstate commerce, as defined in 18 USC § 1962(c).

218. Duke is an employee of eBay as defined in 18 USC § 1962(c).

219. The phony "debt" created by eBay and Duke is an unlawful thing, knowingly manufactured for the purpose of extortion.

220. The "scarlet letter" notation is an unlawful means to collect the debt, being a "shame list" as defined in FDCPA.

221. eBay's continuing threat to keep "scarlet letter" notation on Plaintiff's eBay record, unless he pay both eBay and Wills money he does not lawfully owe, is extortion as defined in 720 ILCS 5/12-6 and 18 USC § 1961(1)(A).

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 27 OF 39

222. Upon information and belief, where the sole knowledge thereof resides with eBay, this manner of conduct is a continuing enterprise, with at least 15,810 other hapless innocents potentially extorted in a substantially identical manner.

223. Wherefore, eBay has violated the Racketeer-Influenced and Corrupt Organization (RICO) statute.

224. Therefore, under 18 USC § 1964(c), Plaintiff is entitled to judgment, in his favor and against Duke, in an amount to be determined at trial, plus punitive damages, plus costs, plus any reasonable attorney fees Plaintiff may incur.

## COUNT TWENTY-FIVE – RICO (2)

225. Plaintiff realleges the paragraphs of count Twenty-Four in their entirety.

226. eBay, as Duke's employer, ordered, instructed and encouraged him to collect funds from Plaintiff, knowing that the "debt" he was trying to collect was unlawful, and to intimidate, disparage, libel, and humiliate him until he did pay.

227. eBay therefore is a co-conspirator with Duke, as defined in 18 USC § 1962(d).

228. Wherefore, eBay has violated the Racketeer-Influenced and Corrupt Organization (RICO) statute.

229. Therefore, under 18 USC § 1964(c), Plaintiff is entitled to judgment, in his favor and against eBay, in an amount to be determined at trial, plus punitive damages, plus costs, plus any reasonable attorney fees Plaintiff may incur.

230. Plaintiff is also entitled to a finding that eBay's "fraud claim" practices, which include unlawful, fraudulently-disguised arbitrations, intentionally-capricious decisions, and are wholly run by malleable unwritten "rules" that change on a moment's notice, and are, as in this case, susceptible to corrupt manipulation by eBay employees and unscrupulous claimants (with eBay's blessing and encouragement as the illicit funds swell their coffers), are in violation of the RICO statute, and require injunctive relief, pursuant to 18 USC 1964(a), to wit:

First Amended Sworn Complaint
John F. Tamburo v. Ebay, Inc., et. al.

Page 28 of 39

a- An order forever barring eBay from directly resolving any disputes between its members;

b- An order barring eBay from ever placing or allowing to be placed any non-positive notation, mark or designation on the record of any of its users;

c- An order reversing the decisions of every single "fraud" insurance claim ever made to eBay, and commanding eBay, at its sole expense, to hire a neutral arbitrator acceptable to this court for each one, and fully comply with Title 9 of the United States Code and the arbitration code(s) of the home state(s) of the claim respondents;

d- An order compelling eBay's management, one and all, to resign from the company and divest their interest in the company; and furthermore prohibiting them for working in any Internet or Auction related business for life;

e- An order forever barring Duke from working for eBay or any other auction or Internet company;

f- An order placing eBay under the strict supervision of this honorable court, requiring it to strictly and absolutely follow every part of the injunction or be permanently dissolved and liquidated upon *prima facie* evidence of the first infraction;

g- An order instructing the United States Attorney for the Northern District of Illinois to bring the evidence in this case before a grand jury to determine the criminal charges to bring against eBay, Duke, Wills, Eller and any eBay employee involved in any way with the instant case and/or any "fraud report" case or standard for hearing cases.

First Amended Sworn Complaint
John F. Tamburo v. eBay, Inc., et. al.

Page 29 of 39

## COUNT TWENTY-SIX – UNLICENSED INTERNET AUCTIONEER

231.  eBay maintains computers in Illinois, used to conduct its business.

232.  eBay accepts auction listings from, and allows bids from, hundreds of thousands of Illinois users.

233.  eBay is an "Internet Auction Listing Service" as defined in 225 ILCS 407/10-27(a)(1).

234.  eBay is required to register with the State Of Illinois, Office of Banks and Real Estate, pursuant to the statute. See 225 ILCS 407/10-27(c).

235.  Plaintiff contacted OBRE. As of the date of this amended complaint, eBay has neither registered nor even applied for registration under the statute.

236.  Plaintiff has standing to bring an act to enforce by the express language of 225 ILCS 407/10-27(f).

237.  That same statute provides for injunctive relief to be granted upon application.

238.  WHEREFORE, eBay is operating in knowing violation of Illinois law, and Plaintiff requests immediate injunctive relief, pendente lite and permanently, to prohibit eBay from doing any Internet auction related business in Illinois, with Illinois citizens, or using property with any connection to Illinois, as defined in the statute.

## COUNT TWENTY-SEVEN

## VIOLATION OF ILLINOIS INTERNET AUCTION LISTING LAW

239.  eBay is an "Internet Auction Listing Service" as defined in 225 ILCS 407/10-27(a)(1).

240.  225 ILCS 407/10-27(c)(6) states, as a pre-requisite for an Internet Auction Listing Service to be licensed by Illinois, that the Listing Service's rules define only that those who are "*are proven to have engaged in a pattern of activity* that appears to be

deliberately designed to defraud consumers" [emphasis added] may be suspended.

241. Plaintiff was suspended, in violation of the provisions of the statute, on a single, bare, phony allegation of fraud, without any proof whatsoever of any instance of deliberate fraud, much less a pattern thereof.

242. eBay's User Agreement states, in paragraph 5.5.3: "Without limiting any other remedies, eBay may suspend or terminate your account if we *suspect* that you (by conviction, settlement, insurance or escrow investigation, or otherwise) have engaged in fraudulent activity in connection with our site." [emphasis added].

243. eBay defines no standard of proof, and does not implement a policy that requires anything more than a bare allegation to deprive a user of his or her right to transact business on eBay.

244. On the other hand, as shown in Exhibits T, U, V and W, eBay ignores proof of numerous frauds by high-volume "power sellers" and allows or encourages them to continue to defraud their customers with impunity.

245. Therefore, under the statute, eBay is ineligible to be licensed by the State of Illinois, either now or in the future.

246. WHEREFORE, eBay is operating in knowing violation of Illinois law, and Plaintiff prays immediate injunctive relief, forever barring eBay from doing any Internet auction related business in Illinois, with Illinois citizens, or with property with any connection to Illinois, as defined in the statute.

247. Plaintiff further prays that this court should bar the Illinois Office of Banks and Real Estate from approving any license for eBay, until and unless eBay presents clear and convincing evidence to this court that it has fully complied with the statute, and has corrected every violation thereof.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 31 OF 39

## COUNT TWENTY-EIGHT – DECLARATORY JUDGMENT
## (EBAY USER AGREEMENT UNLAWFUL AND UNENFORCEABLE)

248. eBay attempts to bind its users to an adhesive, non-negotiable User Agreement (the "Agreement"). A person's assent to this agreement is required prior to eBay granting any rights to bid or sell on its site.

249. The web page where a person is required to give his or her assent is attached as Exhibit X.

250. The actual Agreement to which a user must assent is attached as Exhibit Y.

251. It is impossible for a user to read this huge, 20-paragraph agreement without having to extensively scroll an intentionally-small window. See Exhibit X.

252. Even with scrolling, it is difficult to read any of the legalese-laden paragraphs correctly in such an intentionally-small window.

253. As the user scrolls through the agreement, eBay imposes harsh self-serving terms, such as forcing the user to use AAA Commercial-Rules Arbitration solely in San Jose, California (while reserving to itself the right to litigate anything it may find to be an issue), a general release of future liability of any type, and other offensive clauses designed primarily or solely to allow eBay to operate with absolute total immunity from any liability at law or equity, no matter how tortious or unlawful the act.

254. The Agreement's onerous terms are one-sided and greatly favor eBay. Less onerous terms have already been held by courts to invalidate contracts in similar cases.

255. Wherefore, the eBay user agreement is both procedurally and substantively unconscionable, and is therefore invalid, unenforceable and void as to every eBay user.

256. Plaintiff therefore prays for a declaratory judgment finding that eBay's user agreement is unlawful, unenforceable and void, and an order forever barring eBay from enforcing the agreement against Plaintiff or any other party.

## COUNT TWENTY-NINE – BREACH OF EBAY USER AGREEMENT

257.    Paragraph 18 of the Agreement incorporates the terms of the "eBay Fraud Protection" program therein.

258.    The incorporated terms are included as Exhibit R.

259.    By eBay's own written terms, the "fraud protection" insurance it offers to bidders **does not cover** "[i]tems damaged or lost in shipping. Please contact your shipping carrier for information on its reimbursement policy." (Exhibit R, Page 2).

260.    Therefore, eBay breached its own User Agreement by granting Wills' phony "fraud" claim, and Plaintiff has been damaged thereby.

261.    Wherefore, Plaintiff is entitled to damages as may be proven at trial.

262.    Plaintiff is also entitled to injunctive relief in the form of an order reversing Duke's findings in the "fraud protection" insurance claim, and furthermore ordering Plaintiff's immediate and permanent reinstatement to eBay.


## COUNT THIRTY – QUO WARRANTO
## (UNLICENSED INSURANCE)

263.    eBay, through its "Fraud Protection" insurance to bidders, provides "Miscellaneous insurance" as defined in 215 ILCS 5/4(h).

264.    eBay's own documents (see Exhibit R) use terms such as "insurance", "coverage" and "claim", and other terms such as "claim will be denied" to refer to its "Fraud Protection" insurance.

265.    eBay issues this insurance to every bidder in every auction, subject to the terms listed.  See Exhibit R.

266.    Providing insurance without a certificate of authority is unlawful under 215 ILCS 5/121(1).

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 33 OF 39

267. As of the date of this complaint, eBay has failed and/or refused to obtain a Certificate of Authority from the Illinois Department of Insurance, as required by law.

268. Wills made his phony claim upon this unlawful insurance.

269. Plaintiff, in well over 100 transactions, has been covered by this unlawful insurance.

270. Moreover, upon information and belief, where the sole custody and control of the proof thereof rests with eBay, eBay has provided insurance to many more Illinois residents.

271. Wherefore under *Quo Warranto*, Plaintiff, acting as a private Attorney General, prays that eBay be commanded to account for every transaction involving an Illinois buyer, and to pay into the treasury of Will County, Illinois, the sum of $100 to $1000 per transaction, as required by statute and found to be due by this court, for each and every transaction involving an Illinois winning bidder, from the inception of eBay to the date of the judgment, or the date that eBay demonstrates by clear and convincing evidence that is has complied with the insurance act, whichever is sooner.

272. Furthermore, until such time as eBay be proven to have procured a proper insurance license as required by law, Plaintiff demands that eBay be barred from allowing any of its auctions to receive bids from Illinois buyers, nor to allow any Illinois resident to sell at auction, nor to make its web site available in any way within the boundaries of the State of Illinois.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 34 OF 39

## COUNT THIRTY-ONE – RICO (3)

273. eBay is an enterprise engaged in, and whose activities affect, interstate commerce, as defined in 18 USC § 1962(c).

274. eBay has, in creating the phony "debt" alleged to be owed by Plaintiff to Wills and itself, committed Wire Fraud in violation of 18 USC § 1343.

275. Nonetheless, knowingly, and with intent to profit from its illegal scheme, eBay uses unlawful "shame list" tactics to extort this phony debt from Plaintiff, and upon information and belief, thousands of other victims.

276. Upon information and belief, where the sole knowledge thereof resides with eBay, this manner of conduct is a continuing enterprise, with thousands of other hapless innocents defrauded in a substantially identical manner. eBay continues this scheme to violate Federal law, to this day.

277. Plaintiff has been damaged.

278. Wherefore, eBay has violated the Racketeer-Influenced and Corrupt Organization (RICO) statute.

279. Therefore, under 18 USC § 1964(c), Plaintiff is entitled to judgment, in his favor and against eBay and Duke, jointly and severally, in an amount to be determined at trial, plus punitive damages, plus costs, plus any reasonable attorney fees Plaintiff may incur.

## COUNT THIRTY-TWO – RICO (4)

280. eBay is an enterprise engaged in, and whose activities affect, interstate commerce, as defined in 18 USC § 1962(c).

281. eBay, and its management, knew at the time the offered insurance that the offering of insurance required registration and proof of financial soundness with Illinois and other states.

282. Nonetheless, knowingly, and with intent to both violate and continue to violate the law , eBay offered unlawful unlicensed insurance to its bidders.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 35 OF 39

283. This unlawful, unlicensed insurance is designed to lull eBay bidders into thinking that it is "safe" to do business on eBay, when in fact, eBay condones its highest-volume sellers' fraud and refuses to do anything to protect their victims. See Exhibits S, T, U, V and W.

284. eBay has, in offering unlawful, unlicensed insurance to Plaintiff and its other bidders, committed Wire fraud in violation of 18 USC § 1343.

285. Upon information and belief, where the sole knowledge thereof resides with eBay, this manner of conduct is a continuing enterprise, with hundreds of thousands of other hapless innocents defrauded in a substantially identical manner. eBay continues this scheme to violate Illinois law, to this day.

286. Wherefore, eBay has violated the Racketeer-Influenced and Corrupt Organization (RICO) statute.

287. Wherefore, under RICO, any penalty owed under 215 ILCS 5/121(3) must be trebled and paid to the Will County, Illinois, treasury.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 36 OF 39

## COUNT THIRTY-THREE – RICO (5)

288. eBay has many high-volume sellers on its web sites. In exhibits T, U, V and W, one can see the "feedback profiles" of a few of these sellers.

289. eBay allows these high-volume sellers to defraud its bidding users with impunity, and does not act, even when these sellers accumulate *thousands* of negative feedbacks, indicating fraudulent conduct by the sellers.

290. eBay ignores these frauds in order to reap auction fees totalling into the millions of dollars. Some of these sellers defraud more than 1 out of 10 of their buyers. See Exhibit T.

291. However, in order to create the appearance of honesty and propriety, and to lull other unsuspecting bidders into a false sense of security, eBay attacks small-volume sellers and bars them from its site, on little or no evidence whatsoever.

292. eBay employees who have tried to act honestly and have suspended high-volume sellers have been *admonished* by eBay executives for doing so, and commanded to *ignore fraud by high-volume sellers*. See MSNBC article, Exhibit S.

293. This arrangement, of allowing and/or encouraging high-volume sellers to commit fraud without consequence, while manufacturing "fraud" cases against honest smaller sellers, is a scheme and artifice of fraud, in violation of 18 USC § 1343.

294. This conduct is a continuing enterprise. See exhibits T through W, dates of feedbacks, dates of printouts.

295. Wherefore, eBay has violated the Racketeer-Influenced and Corrupt Organization (RICO) statute.

296. eBay's conduct in this matter is beyond reprehensible, and represents a massive con-job, targeting its own purchasing/bidding user base. Wherefore, injunctive relief is *immediately* needed. Plaintiff prays the following relief, to protect the people from further fraud:

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 37 OF 39

a.  An order commanding eBay to account to this court for all fraud complaints by "power sellers," and their disposition;

b.  An order commanding eBay to directly pay all of the complainants whose fraud complaints were improperly dismissed or ignored, in an amount triple the complainants' losses;

c.  An order forever barring eBay, its officers, directors and managerial employees from engaging in any Internet-related business, including, but not limited to, auctions;

d.  An order disgorging eBay of all auction fees received from any Seller who has more than five percent (5%) negative feedbacks in relation to the total feedbacks received;

e.  An order tripling the amount in (b) above;

f.  An order disbursing this money to the Treasury of the United States.

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 38 OF 39

## RELIEF

WHEREFORE, your plaintiff prays for judgment in the aggregate amount of all prayers contained in the individual counts herein, as well as all costs, fees and expenses associated with the instigation and prosecution of this case.

ADDITIONALLY, your plaintiff prays of this honorable court to issue all of the injunctive relief prayed herein, both permanently and *pendente lite*, in order to protect Plaintiff and all others similarly victimized by the Defendants.

ADDITIONALLY, your plaintiff prays any and all additional or other relief that this court deems just and proper.

SIGNED ON November 6, 2002:

I, JOHN F. TAMBURO, under penalty of perjury pursuant to United States law, and 735 ILCS 5/1-109, do hereby affirm and state that all statements of fact contained herein are, to the best of my knowledge true, complete, and within my personal knowledge. If called to testify, I would competently testify to the facts above.

JOHN F. TAMBURO
Plaintiff
8400 Brookside Glen Drive
Tinley Park, Will County, Illinois 60477-7057
815-469-9312

FIRST AMENDED SWORN COMPLAINT
JOHN F. TAMBURO V. EBAY, INC., ET. AL.

PAGE 39 OF 39

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TAMBURO
_____
**PLAINTIFF**

VS.

Eba et al
_____
**DEFENDANT**

CASE NO. 02 C5292

JUDGE Paul A Plunkett

## PROOF OF SERVICE

TO: CA grasse
atty eller
_____

TO: R.J. Hall
atty ebay
_____

TO: _____
_____

FILED-ED4
02 NOV -7 AM10: 26
CLERK
U.S. DISTRICT COURT

I, the undersigned (plaintiff / defendant), certify that on the 7 day of NOV, 2002, served a copy of this amd cmpl to each person whom it is directed by way of Service in open court Rw 1441

Name John Tamburo

Address 8400 Brookside Glen

City/Zip TINley IL 60477

Telephone 815 469 9312

_____
**SIGNATURE / CERTIFICATION**

11/7/02
**DATE**

CREATED ON 2/72/02

SEE CASE
FILE FOR
EXHIBITS