# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5292 | **DATE** | 11/22/2002 |
| **CASE TITLE** | JOHN F. TAMBURO vs. EBAY,INC., et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Eller's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is granted and the claims asserted against him are dismissed without prejudice to refiling in an appropriate jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | | date mailed notice |
| TBK | courtroom deputy's initials | | |
| | | | mailing deputy initials |

NOV 25 2002

U.S. DISTRICT COURT
CLERK
02 NOV 22 PH 3: 12
FILED-EB-10

Date/time received in central Clerk's Office

Document Number

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

NOV 2 5 2002

JOHN F. TAMBURO,                        )
             )
    **Plaintiff,**      )
             )
    **v.**         )  **No. 02 C 5292**
             )  **Paul E. Plunkett, Senior Judge**
EBAY, INC., d/b/a EBAY CLAIM  )
ADMINISTRATION, THEODORE  )
WILLS, a/k/a TED WILLS, RAMON  )
ELLER, and JOHN DOE a/k/a DUKE,  )
             )
    **Defendants.**     )

## MEMORANDUM OPINION AND ORDER

This lawsuit is the result of an eBay auction that went awry. Plaintiff, the seller, claims that defendant Wills, the buyer, and defendants Eller and eBay defrauded him and committed various other illegal acts. Defendant Eller has filed a motion pursuant to Fed. R. Civ. P. ("Rule") 12(b)(2) to dismiss plaintiff's complaint for lack of personal jurisdiction. For the reasons set forth below, the motion is granted.

## Facts

Defendant eBay is an Internet company that carries property auction listings. (Compl. ¶ 21.) On November 21, 2001, plaintiff placed some audio equipment for bid on eBay. (Id. ¶ 25.) Defendant Wills made the winning bid of $1000.00. (Id. ¶ 26.) Wills used defendant Eller's account on Paypal, a money transfer network, to send the payment to plaintiff. (Id. ¶ 27.)



A month later, plaintiff shipped the merchandise to Wills' address. (Id. ¶¶ 7, 28.) Upon its arrival, Wills contacted plaintiff claiming that certain items were missing from the shipment or had arrived damaged, charges that plaintiff denied. (Id. ¶¶ 29-30.) Wills filed claims with both Paypal and eBay to recover for his alleged damages. (Id. ¶ 32.) In addition, defendant Eller filed a $700.00 damage claim with the United State Postal Service. (Id. ¶ 34.)

Though the result of the postal claim is unclear, Wills' claim was denied by Paypal and sustained by eBay. (Id. ¶ 33, 54-55.) As a result, eBay suspended the accounts of both plaintiff and his wife, pending plaintiff's payment of restitution. (Id., Ex. H.) In response, plaintiff filed this suit against Wills, Eller and eBay for their allegedly wrongful conduct.

## Discussion

On a Rule 12(b)(2) motion to dismiss, plaintiff must make a prima facie showing that jurisdiction over the defendant is proper. Nelson ex rel. Carson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983). In deciding such a motion, we may consider affidavits from both parties, but must resolve all factual conflicts in favor of plaintiff. Id.

A federal court sitting in diversity[1] has personal jurisdiction over a non-resident defendant if an Illinois court would have jurisdiction over him. McIlwee v. ADM Indus., Inc., 17 F.3d 222, 223 (7th Cir. 1999). The Illinois long-arm statute permits Illinois courts to exercise personal jurisdiction over defendants who, among other things, commit a tortious act in this State, and "on any other basis . . . permitted by the Illinois Constitution and the Constitution of the United States."

---

[1] Plaintiff also asserts federal claims, but not against Eller.

735 Ill. Comp. Stat. 5/2-209(a)(2), (c). Plaintiff contends that the exercise of jurisdiction over Eller is appropriate under both provisions. The Court disagrees.

Plaintiff alleges that Eller defrauded him by filing a $700.00 damage claim with the United States Postal Service. (Compl. ¶¶ 143-45.) Plaintiff does not allege, however, that he was required to pay that or any amount to the Postal Service, Eller or anyone else as a result of the postal claim. Absent such allegations, plaintiff does not have a viable claim of fraud against Eller. Redarowicz v. Ohlendorf, 441 N.E.2d 324, 331 (Ill. 1982) ("A complaint in fraud must allege that a false statement of material fact was made, that the party making the statement knew or believed it to be untrue, that the party to whom the statement was made had a right to rely on it and did so, that the statement was made for the purpose of inducing the other party to act, and that reliance by the person to whom the statement was made led to his injury.") And, absent a viable fraud claim, the Court has no basis for exercising personal jurisdiction over Eller under the tortious act provision of the long-arm statute.

But the postal claim is not the only fraud plaintiff contends Eller perpetrated. He also says that Eller conspired with defendant Wills to file a false insurance claim with eBay. (See Compl. ¶ 142) ("Wills and Eller . . . concocted the 'missing transformer' and 'broken stylus' stories in order to justify eBay paying out on a phony insurance claim of $500, and force [plaintiff] to pay the rest."). That allegation, however, is contradicted by the rest of plaintiff's complaint and the exhibits to it, which state that: (1) Wills made the winning bid on eBay (id. ¶ 26); (2) plaintiff shipped the merchandise to Wills' address (id. ¶¶ 7, 28); (3) Wills contacted plaintiff to complain about missing and damaged merchandise (id. ¶ 29); and (4) Wills filed the claim with eBay (id. ¶¶ 32, 48; id., Ex. S). Given plaintiff's affirmative allegations that Wills was the winning bidder, he received the

merchandise, he was the only person with whom plaintiff communicated regarding it and the eBay claim was made in his name alone, there is no reasonable basis for inferring that Eller had any connection to the allegedly false claim that was submitted to eBay. See Fed. R. Civ. P. 9(b) (requiring claims of fraud to be pled "with particularity"); Redarowicz, 441 N.E.2d at 331 (setting forth elements of fraud). To the extent the eBay claim was fraudulent, the complaint establishes that it was a fraud perpetrated by Wills, not Eller. Accordingly, the eBay claim provides no basis for the Court to exercise personal jurisdiction over Eller.

The dictates of the due process clause also prohibit us from exercising jurisdiction over Eller. We can constitutionally exercise personal jurisdiction over a non-resident defendant only if he has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). If Eller "'purposefully avail[ed] [him]self of the privilege of conducting activities'" in Illinois, then he "'should reasonably anticipate being haled into court'" here. Id. (quoting Burger King v. Rudzewicz, 471 U.S. 462, 474-75 (1985)). The record establishes that he did not.

Eller is a Pennsylvania resident (Compl. ¶ 8), who has never visited or transacted business in the State of Illinois (Mem. Law Supp. Eller's Mot. Dismiss, Ex. B, Eller Aff. ¶¶ 8-9). On one occasion, he authorized Paypal, to withdraw money from his Pennsylvania bank account and transfer it to plaintiff. (Id. ¶¶ 3-5; Compl. ¶ 27). At the time of that authorization, Eller did not know that plaintiff lived in Illinois. (Mem. Law Supp. Eller's Mot. Dismiss, Ex. B, Eller Aff. ¶¶ 6-7). A single wire transfer to a person whom Eller did not even realize was an Illinois resident is not sufficient contact with this State to justify haling him into court here. Because Eller does not have the requisite

minimum contacts with the State of Illinois, we cannot constitutionally exercise personal jurisdiction over him.

## Conclusion

For the reasons set forth above, Eller's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is granted and the claims asserted against him are dismissed without prejudice to refiling in an appropriate jurisdiction.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** *11-22-02*